Requestor: Robert Webster Oliver, Village Attorney Village of Brightwaters 146 Fourth Avenue Bay Shore, New York 11706
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked several questions in relation to the establishment of the position of village manager or village administrator.
First, you ask whether there is any alternative to the procedure in Village Law, §§ 18-1820, et seq. for establishment of the position of village manager. Section 18-1820 provides that
 "[t]he board of trustees of any village may, as an alternative to the adoption of a local law establishing the position of village manager, adopt a local law providing for the creation of a commission to study and prepare a local law establishing the position of village manager and defining the duties and responsibilities thereof" (emphasis supplied).
Thus, it is clear that this provision, by its terms, recognizes that a village manager or village administrator form of government may be established by local law (see Municipal Home Rule Law, §10[1][ii][a][1]).
Second, you ask whether there are any practical differences between the appointment of a village manager as compared to a village administrator. Sections 18-1820, et seq. of the Village Law authorize only the establishment of the position of village manager. As a practical matter, however, the duties of the position are established by the commission formed to prepare a local law. Thus, regardless of title, the position of village manager can be given a broad array of powers under sections 18-1820, et seq. of the Village Law. We note that a local law to create a commission is subject to a permissive referendum and a local law prepared by a commission establishing the position of village manager is subject to a mandatory referendum (Village Law, §§ 18-1820,18-1822, 18-1828).
If the establishment of the position of village manager or village administrator is accomplished by local law under section 10
of the Municipal Home Rule Law, the powers and duties of the position will determine whether the proposed local law is subject to either a mandatory referendum or a referendum on petition (see, Municipal Home Rule Law, §§ 23, 24).
Next, you ask whether a village manager may be given a specific term of office and whether the appointment or discharge of the manager is subject to civil service requirements. The legislative body of a local government, in the exercise of its powers to enact local laws, may provide that the office of the head of a department of its government is to be in the unclassified service of the civil service and provide that the offices of one or more deputies to the department head, with power to act in the place of their principal, are to be in the exempt class of the civil service (id., § 10[4][d]). It would appear that a village manager could be placed in the unclassified service under this provision, subject to review of duties and approval by the municipal civil service commission. If in the unclassified service, the manager could be given a term of office and discipline would not be subject to section75 of the Civil Service Law.
Next, you observe correctly that the board of trustees of a village is vested with the authority and responsibility of managing the village. You ask whether authority can be conferred on the village manager to act independently, without specific board approval. As indicated earlier, under either section 18-1820 of the Village Law or under section10 of the Municipal Home Rule Law a village manager may be given a broad range of powers. The board of trustees of a village is both the legislative and administrative arms of village government. The legislative power may never be delegated. Administrative authority may, however, be granted to a village manager. A local law enacted under section 10 of the Municipal Home Rule Law transferring an administrative power of the board of trustees to the village manager is subject to a mandatory referendum (id., § 23[2][f]). As indicated earlier, a local law to establish a village manager prepared by a commission under sections 18-1820, et seq. of the Village Law is subject to a referendum.
Finally, you ask whether a local law to establish a village manager prepared by a commission under the Village Law must be submitted to the voters as is or whether, if the board of trustees is dissatisfied with the proposed local law, they may reject it. Under section 18-1828
of the Village Law, a local law prepared by a commission is filed with the board of trustees which must submit it to the village attorney or an attorney hired to review the legal sufficiency of the local law. The attorney must report to the board as to whether the local law complies with sections 20 and 27 of the Municipal Home Rule Law and whether it is consistent with the Constitution and other laws of the State (Village Law, § 18-1828). It appears, under this provision, that if the local law complies with the provisions of the Municipal Home Rule Law and is consistent with the Constitution and other laws of the State it must be submitted to the voters. There is no authorization for the board of trustees to further review the proposal.
We conclude that a village board of trustees may establish a village manager form of government under sections 18-1820, et seq. of the Village Law or under section 10 of the Municipal Home Rule Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.